UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY DIANE KIMBRELL,<br>    Plaintiff,<br>v.<br>TWITTER INC.,<br>    Defendant. | Case No. 18-cv-04144-PJH<br><br>**ORDER**<br>Re: Dkt. Nos. 22, 26, 27 |

Before the court is defendant Twitter Inc.'s motion to dismiss and pro se plaintiff Diane Kimbrell's motion for leave to file an amended complaint. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for December 5, 2018, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

Plaintiff voluntarily amended her original complaint on August 14, 2018. Plaintiff's First Amended Complaint (the "FAC") alleges that Twitter employs twitter trolls who are responsible for goading Twitter users who support President Donald Trump into engaging in purportedly abusive conduct, which Twitter subsequently uses as a basis for banning those pro-Trump Twitter users. Dkt. 9, FAC ¶¶ 8, 24. Plaintiff alleges that she was a target of that scheme and that that scheme is contrary to Twitter holding itself out to be a "free and open" platform. FAC ¶¶ 6, 7, 9.

Specifically, plaintiff alleges that she replied to a @realDonaldTrump tweet with a "history of progressive talking points and where they originated." Id. ¶ 10. In response,

Twitter's trolls targeted plaintiff with "remark[s] from the Brock troll book." FAC ¶ 14. Plaintiff responded with the following two tweets. Id. ¶ 16-18.



Id. ¶¶ 6, 14. Plaintiff also attached the following three "memes" to these Tweets:



Id. ¶¶ 17-18.

Three days later, Twitter suspended plaintiff's account for abusive behavior. FAC ¶¶ 14-15, 20. The FAC alleges that Twitter's Rules state that abusive behavior includes "behavior that harasses, intimidates, or uses fear to silence another user's voice." Id. ¶¶ 14, 15. Amongst other factors, Twitter considers whether a user's behavior targets an individual or group. Id. Plaintiff alleges, however, that in fact "abuse" is defined by Twitter employees to mean tweets that "disagree[ ] with them politically . . . with the ultimate goal [of] suspend[ing] every POTUS supporter by targeting their accounts." Id. ¶ 16. According to the FAC, it is for that reason that Twitter suspended plaintiff's account. Id. On June 13, 2018, Twitter permanently suspended plaintiff's account. Id. ¶ 22. The email informing plaintiff of her permanent suspension attributed the suspension to plaintiff

"participating in targeted abuse." Id. Plaintiff alleges her suspension violated Twitter and her contractual agreement—though no contract claim is made—and was contrary to Twitter advertising itself as a free and open platform. Id. ¶ 22.

Based on the above allegations, the FAC states two "counts" based on the following: (i) violation of 18 U.S.C. § 1028, criminal fraud relating to identification documents; (ii) violation of 15 U.S.C. § 45, unfair competition; (iii) violation of 15 U.S.C. § 54, false advertising; (iv) violation of 18 U.S.C. § 2520, the federal Wiretap Act, (v) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (vi) violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 ("ICFA"); and (vii) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 ("UDTPA"). Plaintiff also seeks declaratory relief under 28 U.S.C. §§ 2201-2202. FAC at 18, 21.

On October 9, 2018, defendant moved to dismiss the FAC with prejudice. Dkt. 26. Plaintiff did not file an opposition by the October 23, 2018 deadline.

On October 15, 2018, presumably in lieu of filing an opposition, plaintiff filed a motion for leave to amend her complaint. Dkt. 27. The proposed second amended complaint (the "proposed SAC"), however, neither contains any new factual allegations about plaintiff's suspension nor any causes of action. Dkt. 27-2. Instead, the proposed SAC describes how Twitter allegedly treats Republican Twitter users more harshly than it treats Democrats who use Twitter's platform. Id. The proposed SAC also alleges that Twitter's value is tied to how many users it has. According to plaintiff, Twitter, however, fraudulently obtains those users by advertising a free and open platform while failing to disclose that Twitter would "use its rules to remove any voices opposing [Twitter employees'] political ideology." Id. at 5-6. Lastly, the proposed SAC attempts to join or add President Trump as a plaintiff. Id. at 1, 3.

**DISCUSSION**

**A. Plaintiff's Motion For Leave to Amend**

Though plaintiff moved under Fed. R. Civ. P. 15 to amend her complaint, plaintiff's reply in support of that motion asserts that Rule 15 gives her the right to amend her complaint in response to defendant's motion to dismiss. That is incorrect. "Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his [or her] pleading once as a matter of course[.]" Heilman v. Sanchez, No. 210CV1120JAMCKDPT EMP, 2016 WL 3226307, at *1 (E.D. Cal. June 10, 2016) (emphasis added). Plaintiff filed her original complaint on July 11, 2018. A little over one month later, plaintiff filed the operative FAC. "[S]ince plaintiff has already amended his pleading once, leave of court is necessary under Rule 15(a)(2) to amend once more." Id. at *2.

Rule 15(a)(2) directs courts to freely give leave to amend a pleading "when justice so requires." However, a district court may deny leave to amend where there is "any apparent or declared reason for doing so, including . . . futility of the amendment." Lockman Found. v. Evangelical All. Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quotation marks omitted). Here, there are at least two reasons for denying leave to amend. First, plaintiff's proposed SAC either alleges no causes of actions or improperly attempts to incorporate the prior complaint.[1] Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."); Lacey v. Maricopa Cty., 693 F.3d 896, 927–28 (9th Cir. 2012) ("an amended complaint supersedes the original complaint and renders it without legal effect"). Second, plaintiff has provided no coherent basis for adding or joining President Trump as a plaintiff under Rule 19 or Rule 20. And plaintiff has provided no evidence that President Trump has consented to being added as a plaintiff.

Accordingly, the court DENIES plaintiff's motion for leave to file the proposed SAC.

---

[1] Because the proposed SAC improperly attempts to incorporate the FAC, the proposed SAC is also almost entirely devoid of factual allegations regarding the suspension of plaintiff's Twitter account.

4

**B.     Defendant's Motion To Dismiss The FAC**

**1.     Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). That is, the court may consider matters that are properly the subject of judicial notice, Knievel v. ESPN,

393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint and documents that form the basis of a the plaintiff's claims. See No. 84 Emp'r-Teamster Jt. Counsel Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

In addition, when, as here, the allegations involve fraud, heightened pleading standards apply. "[T]he circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), falsity must be pled with specificity, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted).

**2. Analysis**

**a. Three of the Statutes Do Not Create A Private Right of Action.**

Plaintiff cites the following statutes: (1) criminal fraud relating to identification documents, 18 U.S.C. § 1028; (2) unfair competition, 15 U.S.C. § 45 (§ 5(a) of the Federal Trade Commission Act); and (3) false advertising, 15 U.S.C. § 54. None of those statutes create a private right of action. See Finnegan v. Clark, No. 8:18–cv–00330–SJO–KES, 2018 WL 2972504, at *9 (C.D. Cal. May 22, 2018) ("§ 1028 is a criminal statute that does not support a private cause of action;" also requires allegations that the defendant produces, processes, or sells false identification documents); Hylton v. Anytime Towing, No. 11cv1039–GPC (WMC), 2012 WL 5498887, at *6 (S.D. Cal. Nov. 13, 2012) (enforcement of 15 U.S.C. § 45 is limited to the FTC); Cross v. Bd. of Supervisors of San Mateo Cty., 326 F. Supp. 634, 637 (N.D. Cal. 1968) (no private right of action under 15 U.S.C. § 54). Thus, the plaintiff has not stated a claim—and in fact cannot state a claim—based on those statutes.

**b. Plaintiff Has Not Stated A Claim Based On The Federal Wiretap Act**

6

1        Plaintiff next cites 18 U.S.C. § 2520 of the federal Wiretap Act.  Section 2520
2   creates civil liability when the plaintiff's "wire, oral, or electronic communication is
3   intercepted, disclosed, or intentionally used [the communication] in violation of this
4   chapter."  Plaintiff, however, does not allege what part of the chapter Twitter supposedly
5   violated.  Nor does plaintiff include factual allegations giving rise to any inference that
6   Twitter "intercepted, disclosed, or intentionally used" plaintiff's communications.  Thus,
7   the plaintiff has not stated a claim based on the federal Wiretap Act.

### c. Plaintiff Has Not Stated A Claim Based On the UCL, the ICFA, or the UDTPA

First, "[t]he UCL prohibits any 'unlawful, unfair or fraudulent business act or practice.'"  Gregorio v. Clorox Co., No. 17-CV-03824-PJH, 2018 WL 732673, at *3 (N.D. Cal. Feb. 6, 2018).  Because plaintiff has not alleged a violation of any other law, plaintiff has failed to state a claim under the unlawful prong.  And, while "the precise meaning of 'unfair' practices is 'in flux,'" the court finds that the conduct alleged does not rise to the necessary level.  See Khaziri v. Caliber Home Loans, Inc., No. 17-CV-01639 NC, 2018 WL 646594, at *2 (N.D. Cal. Jan. 30, 2018) ("a business practice [is] unfair when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers").  Lastly, plaintiff has not stated a claim under the fraud prong, which is governed by the "reasonable consumer" test.  Gregorio, 2018 WL 732673, at *3.  As an initial matter, plaintiff's lone allegation that Twitter advertises a "free and open" platform does not satisfy Rule 9(b)'s requirement that the plaintiff allege "the who, what, when, where, and how" of the fraud.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  Further, while Twitter's Rules—which plaintiff quotes in the FAC—states that Twitter "believe[s] in freedom of expression and open dialogue," that sentence goes on to say "we prohibit behavior that crosses the line into abuse[.]"  FAC ¶ 15.  That is not likely to deceive a reasonable consumer into believing that Twitter did not retain the right to suspend users who "cross the line into abuse."

Second, and independently fatal, plaintiff lacks standing to state a UCL claim because she has not alleged "(1) an economic injury (2) as a result of the challenged practice." Singh v. Google LLC, No. 16-CV-03734-BLF, 2018 WL 984854, at *3-4 (N.D. Cal. Feb. 20, 2018) (citing Kwikset Corp. v. Sup.Ct., 51 Cal.4th 310, 323 (2011)); Rubio v. Capital One Bank, 613 F.3d 1195, 1203-04 (9th Cir. 2010).

For the same reasons, plaintiff has not stated a claim under either the ICFA or the UDTPA. In re Coca-Cola Prod. Mktg. & Sales Practices Litig. (II), No. 14-MD-02555-JSW, 2016 WL 2930964, at *7 (N.D. Cal. May 19, 2016) (listing elements of ICFA claim); In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig., No. 05-CV-01699 CRB, 2012 WL 3154957, at *8 (N.D. Cal. Aug. 2, 2012) (same for UDTPA claim).

Thus, plaintiff has not stated a claim based on the UCL, the ICFA, or the UDTPA.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint is DENIED and defendant's motion to dismiss the FAC is GRANTED WITH LEAVE TO AMEND only the UCL, ICFA, UDTPA, and federal Wiretap Act claims. Plaintiff's amended complaint, if any, may not be based on 18 U.S.C. § 1028, 15 U.S.C. § 45, or 15 U.S.C. § 54, as those claims are dismissed with prejudice. In addition, no new parties or claims may be added without leave of court. Any amended complaint shall be filed no later than December 21, 2018. Lastly, plaintiff's motion to compel defendant to discuss the parties' ADR options is DENIED because plaintiff's motion was filed before the deadline to meet and confer had passed and because the parties do not currently have any meet and confer obligations regarding that topic.[2]

**IT IS SO ORDERED.**

Dated: November 16, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[2] Defendant's request for judicial notice is DENIED as moot.

8