UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY DIANE KIMBRELL,<br>　　　　Plaintiff,<br>　　v.<br>TWITTER, INC.,<br>　　　　Defendant. | Case No. 18-cv-04144-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 40 |

Before the court is defendant Twitter, Inc.'s ("Twitter") motion to dismiss pro se plaintiff Jody Kimbrell's Third Amended Complaint (the "TAC"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for February 20, 2019, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS Twitter's motion, for the following reasons.

**BACKGROUND**

The present motion to dismiss is directed at plaintiff's fourth complaint. After commencing this action on July 11, 2018, plaintiff voluntarily amended her original complaint and filed her First Amended Complaint (the "FAC") on August 14, 2018. Dkt. 9. In general, the FAC complained that Twitter's employees goad Twitter users who support President Donald Trump into engaging in purportedly abusive conduct, which Twitter subsequently uses as a basis for banning those users. Id., FAC ¶ 8, 25. The FAC further alleged that plaintiff was a victim of Twitter's scheme and that the alleged scheme was contrary to Twitter holding itself out to be a "free and open" platform. Id. ¶¶ 6-7, 9. The FAC included numerous factual allegations about the events leading up to plaintiff's

permanent suspension from Twitter's platform. See generally FAC.

On October 9, 2018, Twitter moved to dismiss the FAC. Less than one week later, plaintiff moved pursuant to Federal Rule of Civil Procedure 15 to amend her complaint and to file a proposed Second Amended Complaint (the "SAC").

On November 16, 2018, after the parties completed briefing on those two motions, the court granted Twitter's motion to dismiss and denied plaintiff's Rule 15 motion. Dkt. 37 (the "MTD Order"). The court denied the latter motion because, inter alia, the proposed SAC alleged no causes of action or improperly attempted to incorporate the prior complaint. Id. at 3-4. With regard to the former motion, the court granted Twitter's motion with prejudice in part and without prejudice in part. Id. at 8. Specifically, the court granted plaintiff leave to amend her claims based on (i) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., (the "UCL"); (ii) the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 (the "ICFA"); (iii) the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 (the "UDTPA"); and (iv) the federal Wiretap Act, 18 U.S.C. § 2520. Id. at 8. The order dismissed plaintiff's other claims with prejudice and prohibited plaintiff from adding any claims without leave of court. Id.

On December 14, 2018, plaintiff timely filed her TAC. Dkt. 38. Like the FAC, the TAC generally alleges that Twitter advertises that its platform is "free and open," but in actual fact Twitter tracks and bans users who express views "that are abhorrent to" Twitter's employees or that Twitter's employees disagree with. Id., TAC at 7. However, unlike the FAC, the TAC is devoid of factual allegations about the circumstances surrounding plaintiff's permanent suspension from the platform. See generally id. The TAC instead opts to include conclusory statements about the law and recount allegations from the FAC about Twitter's purported motive to induce users to join the platform before subsequently banning those same users. Id. In fact, the only new allegation in the TAC is that Twitter "engages in electronic eavesdropping of @realDonaldTrump without his permission" in order "to identify, monitor[,] and ban his supporters[.]" Id. at 9. Lastly, like the FAC, the TAC incudes only conclusory statements about plaintiff being harmed

2

without any supporting factual allegations about the alleged injury.[1]

Based on the above allegations, the TAC states three "counts" based on five statutes: (i) the UCL; (ii) the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. (the "CLRA"); (iii) the ICFA; (iv) the UDTPA; and (v) the federal Wiretap Act.

**DISCUSSION**

**A.   The TAC Must Be Dismissed Because It Fails To Allege Any Facts About Plaintiff's Suspension and/or Improperly Attempts to Incorporate The FAC.**

The TAC does not contain any factual allegations about plaintiff's suspension from the Twitter platform—allegations that were included in the FAC. That leaves plaintiff with two unenviable options. First, plaintiff could rest exclusively on the TAC's allegations. Doing so, however, would doom the TAC because without factual allegations about her own alleged injury, plaintiff cannot state a claim or satisfactorily allege standing. Second, the TAC could be construed as attempting to incorporate the FAC's allegations. But, as the court previously warned, amended complaints may not incorporate the allegations within prior complaints. MTD Order at 4 (citing Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."); Lacey v. Maricopa Cty., 693 F.3d 896, 927–28 (9th Cir. 2012) ("an amended complaint supersedes the original complaint and renders it without legal effect")). Thus, that too would not save the TAC.

The foregoing reasons alone provide a basis for dismissing plaintiff's TAC.

**B.   The Allegations Within Plaintiff's TAC and FAC Do Not State A Claim.**

In the alternative, the court finds that the TAC must be dismissed even if the court considers the TAC's allegations in conjunction with FAC's allegations.[2] Though the court

---

[1] The TAC also attaches a copy of an online article published on "The Duran," titled "Leaked 49-page memo documents how George Soros is behind social media censorship," dated August 24, 2018. That article has little to do with Twitter specifically, nothing to do with plaintiff's own suspension, and generally lends no credibility to plaintiff's claims. TAC, Ex. A.

[2] Because the court discussed the FAC's allegations at length in the MTD Order, it does not recite those allegations again here.

3

considers each statutory basis for plaintiff's claims below, in short, the two complaints considered together fail to state a claim because the FAC by itself failed to state a claim, see MTD Order, and the TAC does not add any new allegations.

**1. Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

In addition, when, as here, the allegations involve fraud, heightened pleading standards apply. "[T]he circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), falsity must be pled with specificity,

4

including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted).

### 2. Plaintiff Has Not Stated A Claim Based on The UCL, The ICFA, The UDTPA, or The CLRA.

In considering plaintiff's FAC, the court explained that the FAC failed to sufficiently allege that Twitter engaged in an "unlawful, unfair or fraudulent business act or practice," as required to state a claim under the UCL. MTD Order at 7. The court also found that the FAC's allegations failed to satisfy "Rule 9(b)'s requirement that the plaintiff allege the who, what, when, where, and how' of the fraud," MTD Order at 7, and that Twitter's challenged representation was "not likely to deceive a reasonable consumer into believing that Twitter did not retain the right to suspend [its] users[.]" Id. Lastly, the court held that plaintiff lacked standing to state a UCL claim because she failed to allege that she suffered an economic injury as a result of the challenged practice. Id. at 8. The court also explained that plaintiff's ICFA and UDTPA claims failed for the same reasons as plaintiff's UCL claim. Id.

The TAC and plaintiff's opposition to the present motion fail to change the court's analysis of those three claims. The TAC does not help plaintiff state a claim because it includes no new substantive allegations. And plaintiff's only new legal argument—that Twitter violated the ICFA by failing to "substantiate" its representations about providing a "free and open" platform—is misguided. Under the ICFA, "a plaintiff can show that an advertisement is deceptive either by proving its falsity or by showing that its proponent lacked a reasonable basis for asserting its truth." Spector v. Mondelez Int'l, Inc., 178 F. Supp. 3d 657, 666 (N.D. Ill. 2016) (collecting cases). The latter method is commonly termed "a lack of substantiation claim." Id. "Under Illinois law, lack of substantiation is deceptive only when the claim at issue implies there is substantiation for that claim, i.e., if defendants had claimed something along the lines of 'tests show that [the product in question] is [ ] effective . . . ." Id. (ellipses in original). The TAC does not contain any

5

allegations suggesting that Twitter implied that the challenged representation—a "free and open" platform—was "substantiated" or supported by anything. Accordingly, framing the ICFA claim as a "substantiation" claim does not save it.

Plaintiff's new claim based on the CLRA fails for two independent reasons. First, plaintiff did not obtain leave of court to add her CLRA claim, as required by this court's prior order. MTD Order at 8. Plaintiff did not seek leave to add her CLRA claim. Second, because plaintiff's CLRA and UCL claims challenge the same conduct, plaintiff's CLRA claim fails for the same reasons as her UCL claim fails. Gregorio v. Clorox Co., No. 17-CV-03824-PJH, 2018 WL 732673, at *3 (N.D. Cal. Feb. 6, 2018) ("The Ninth Circuit has explained that" the CLRA, like the UCL, is "governed by the 'reasonable consumer' test."); Reid v. Johnson & Johnson, 780 F.3d 952, 958 (9th Cir. 2015) ("To establish standing to bring a claim under" the UCL or the CLRA, "plaintiffs must meet an economic injury-in-fact requirement[.]").[3]

### 3. Plaintiff Has Not Stated A Claim Based on the Federal Wiretap Act

Section 2520 of the federal Wiretap Act creates civil liability when the plaintiff's "wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of" the Wiretap Act. Plaintiff argues that Twitter violated § 2511 of the Wiretap Act by "intercepting a communication or procuring another to intercept a communication." TAC at 9. Specifically, the TAC alleges that Twitter "engages in electronic eavesdropping of @realDonaldTrump without his permission to identify, monitor and ban his supporters in violation of [the] law," that plaintiff did not consent to that surveillance, and that Twitter's employees "participated in illegal surveillance" of @realDonaldTrump supporters in order to remove them from the Twitter platform. TAC at 9-10.

Plaintiff's Wiretap Act-based claim fails for at least two reasons. First, like the

---

[3] Though it is not alleged in the TAC, plaintiff's opposition references a "negligent misrepresentation" claim. That claim fails because plaintiff did not seek leave of court to add the claim and because plaintiff has failed to allege justifiable reliance or resulting damage. Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007) (listing elements of negligent misrepresentation claim).

FAC, the TAC is devoid of allegations that Twitter "intercepted, disclosed, or intentionally used" plaintiff's communications. Not to mention that plaintiff fails to allege that Twitter intercepted a communication during its transmission. Theofel v. Farey-Jones, 359 F.3d 1066, 1077 (9th Cir. 2004) ("[T]he Act applies only to acquisition contemporaneous with transmission." (internal quotation marks omitted)). Second, the TAC appears to allege that Twitter intercepted, eavesdropped on, or surveilled "@realDonaldTrump's" public tweets in order to ban its followers. The Wiretap Act, however, specifically excludes such public communications from its purview. 18 U.S.C. § 2511(2)(g)(i) ("it shall not be unlawful . . . for any person . . . to intercept or access an electronic communication made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public.").[4]

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to dismiss. Because the court finds that further amendment would be futile, and because plaintiff has already been provided an opportunity to amend, the complaint is DISMISSED WITH PREJUDICE.[5] The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 14, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[4] In addition, plaintiff is prohibited from bringing claims on behalf of third parties because she is proceeding pro se, see McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966), and because she "must assert h[er] own legal rights and interests, and cannot rest h[er] claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975).

[5] The parties' requests for judicial notice are DENIED as moot.