UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY DIANE KIMBRELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TWITTER INC.,<br><br>　　　　Defendant. | Case No. 18-cv-04144-PJH<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT**<br><br>Re: Dkt. No. 45 |

On November 16, 2018, the court dismissed the above-entitled action, with leave to amend. Dkt. 37. On February 14, 2019, after pro se plaintiff Jody Kimbrell filed an amended complaint, the court again dismissed the action but this time with prejudice. Dkt. 43. The court entered judgment on the same day. Dkt. 44. Now before the court is plaintiff's "Motion to Petition to Remit Bill of Review pursuant to Rule 60(b)." Dkt. 45. The court interprets the motion as a motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b). The motion could also be considered a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). The court considers both potential avenues of relief below.

A motion to reconsider a final appealable order is appropriately brought under Federal Rule of Civil Procedure 59(e) or 60(b). Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (discussing Rule 59(e)).

Rule 59(e) allows a party to seek an order altering or amending a judgment. Rule 59(e) does not describe the conditions under which a court should reconsider a prior

decision, but courts have determined that reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises, 229 F.3d at 890.

Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

Here, plaintiff contends that "newly discovered evidence" supports her motion to vacate or amend judgment.  The only such "evidence" plaintiff points to are three online articles about Twitter and its CEO, Jack Dorsey.  Plaintiff also appears to claim that Dorsey would testify to the factual accuracy of plaintiff's complaint.

Putting aside the question of whether online articles, two from a Russian news channel, are even admissible to prove the truth of the matter asserted, the court finds that plaintiff's motion, the assertions therein, and the attached articles do nothing to remedy the deficiencies present in plaintiff's now dismissed complaints.  Thus, plaintiff has articulated no basis for vacating, altering, or amending the judgment.  The motion is DENIED.  The court will entertain no further motions in this case.

**IT IS SO ORDERED.**

Dated: April 9, 2019

PHYLLIS J. HAMILTON
United States District Judge